UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RALPH E. LAMBDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:04-CV-336 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 13] and the defendant's motion for summary judgment. [Doc. 15]. Plaintiff Ralph E. Lambdin seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

> 2. The claimant has not engaged in substantial

gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: lift/carry 10 pounds on a frequent basis and 20 pounds on an occasional basis. The claimant is precluded from work around hazards; has moderate vision due to loss of vision in the left eye and wears glasses; and requires a sit/stand option. He has a poor ability to relate to others; therefore, he has only superficial ability to relate and must avoid the general public. The claimant has estimated low average intelligence and is unable to perform complex, detailed work and has no significant limitations in concentration and persistence. These residual functional capacity limitations are commensurate with a modified range of light work.

8. The claimant has mild limitation in his activities of daily living and moderate limitation in social interaction. He has mild limitation in concentration, persistence, and pace; and he experiences no episodes of decompensation.

9. The claimant is unable to perform any of his past

2

>relevant work (20 C.F.R. §§ 404.1565 and 416.965).
>
>10. The claimant is a "younger individual between the ages of 45 and 49" (20 C.F.R. §§ 404.1563 and 416.963).
>
>11. The claimant has "a limited education" (20 C.F.R. §§ 404.1564 and 416.964).
>
>12. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).
>
>13. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967).
>
>14. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as laborer, packager/hand packager, material handler, examiner, inspector, checker, and stocker/sorter. There are 1,536,000 such jobs in the national economy and 3,850 in the region.
>
>15. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 34-35).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ

3

or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff asserts that the ALJ made a number of errors in this case. He points out that the ALJ, in his decision, erred by identifying him as a younger individual, erred by asking the vocational expert ("VE") to consider an individual with a high school education, and erred in his hypothetical question because it assumed that plaintiff had no significant limitation in concentration or persistence. (Tr. 35, 458). Plaintiff explains that on his alleged onset date, February 2, 2001, he was a "younger individual," but on the date the ALJ issued his decision, he was an "individual closely approaching advanced age." (Tr. 35, 55). Similarly, plaintiff argues that the ALJ's reliance on the testimony of the VE constituted error because he asked the VE to assume a person with a high school education (Tr. 458), but found, in his decision, that plaintiff had a "limited or less" education. Moreover, plaintiff argues that the ALJ's hypothetical question was flawed because it assumed that plaintiff had no significant limitation in concentration or persistence. (Tr. 458). Plaintiff cites as support the report by Alice Garland, a licensed psychological examiner, and Bruce Seidner, a licensed clinical psychologist, who opined that plaintiff had limitations in his ability to persist and concentrate, as well as the report submitted by a state agency, reviewing psychologist that indicated plaintiff has serious limitations in terms of concentration and persistence. (Tr. 334-37, 352-54).

4

However, the Commissioner maintains that when the ALJ posed a hypothetical question to the VE, the ALJ recognized that plaintiff was "closely approaching advanced age." (Tr. 458). Moreover, she points out that age as a vocational factor is most relevant when an ALJ uses a rule from the Grid to direct a finding. However, in this case, the Commissioner insists that the ALJ did not use the Grid to direct a finding, but instead, used the Grid as a "framework for decision-making" in conjunction with the testimony from a VE. Furthermore, the Commissioner maintains that if any error exists, it is harmless as both the Grid Rule referred to by the ALJ and the Grid rule that accurately describes the plaintiff, Rule 202.10, both produce a finding of "not disabled." Similarly, the Commissioner insists that the ALJ did not ask the VE to consider a person who graduated from high school, but rather, asked the VE to consider a person with a high school education. Although plaintiff is not a high school graduate because he completed only the eleventh grade, the Commissioner contends that plaintiff certainly had a high school education, and the VE, who was present throughout the hearing, heard plaintiff when he testified that he completed the eleventh grade. (Tr. 437, 456). Thus, the Commissioner insists that plaintiff's objection to the ALJ's findings regarding his age and education level constitute harmless error.

With respect to the plaintiff's argument concerning his ability to persist and concentrate, the Commissioner notes that Ms. Garland and Dr. Seidner rated plaintiff's ability to persist and concentrate as only slightly limited, and the state agency psychologist found that plaintiff was not significantly limited in his ability to understand and remember very short, simple instructions or in his ability to complete a normal workweek without interruptions from psychologically based symptoms. In fact, the state agency psychologist noted in the narrative

5

section of this same report that plaintiff's "attention and concentration will be adequate." (Tr. 337, 352-54). Moreover, the Commissioner insists that plaintiff's argument about concentration and persistence ignores the context in which the ALJ placed this factor, noting that the ALJ limited plaintiff to nondemanding jobs, specifying in the hypothetical question that he was talking about a person who could not perform complex detailed work, but would be limited to unskilled or low level, semi-skilled jobs. (Tr. 459). Thus, the Commissioner maintains that the hypothetical question about a person who had no significant limitations in concentration or persistence was well supported in the record.

I agree with the Commissioner that any errors by the ALJ regarding age and education were harmless. Age and educational level, as the Commissioner notes, are most relevant as vocational factors when the ALJ uses the Grid to direct a finding, but in this case, the ALJ used the Grid as a framework for decisionmaking. Abbott v. Sullivan, 905 F.2d 918, 926 n.6 (6th Cir. 1990). Also, as the Commissioner points out, the Grid would not direct a finding of disabled, based on the plaintiff's age and education. 20 C.F.R. Part 404, Subpt. P, App. 2. The ALJ clearly did not find that plaintiff had significant limitations in concentration and persistence, a finding which is supported by the consultative examiner as well as a state agency psychologist. (Tr. 337, 352-54) Stanley v. Secretary of Health and Human Services, 39 F.3d 115, 118 (6th Cir. 1994) (ALJ not required to include limitations unsupported by the record). Accordingly, I am of the opinion that the ALJ properly considered all of plaintiff's credible limitations and properly relied on VE testimony in response to a hypothetical question that accurately reflected those limitations. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).

Next, plaintiff challenges the ALJ's credibility determination, arguing that his impairments are capable of producing the pain he alleges based on the reports of Drs. Summers and Kahn. However, the Commissioner contends that Dr. Summers actually provided the analysis that the ALJ relied on to find plaintiff "not disabled," finding that plaintiff could lift up to 20 pounds, which is consistent with light work. (Tr. 333). Similarly, the Commissioner insists that although Dr. Kahn found bulging disks at every level of plaintiff's lumbar spine, he found that none of these findings was severe enough to warrant surgical intervention, noting that plaintiff would be seen on an as needed basis. (Tr. 381). Therefore, based on the foregoing, the Commissioner insists that plaintiff has failed to establish that his pain limited him to a greater extent than found by the ALJ.

I find the Commissioner's arguments persuasive on this issue. As the Commissioner notes, Dr. Summers and Dr. Kahn did not find impairments to support plaintiff's allegations of pain. Thus, I find no error with the ALJ's credibility determination. <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987) ("we will not normally substitute our impressions on the veracity of witnesses for those of the trier of fact"); <u>Villarreal v. Secretary of Health and Human Services</u>, 818 F.2d 461, 464 (6th Cir. 1987) ("Determination of disability from pain is peculiarly within the province of the ALJ.").

Lastly, plaintiff argues that he was disadvantaged because he was not represented by an attorney at his administrative hearing. However, the Commissioner contends that plaintiff was quite familiar with the Social Security disability process at the time he appeared before the ALJ in this matter, as he had previously applied for benefits on two occasions and he had succeeded in obtaining benefits on the second attempt. (Tr. 26). Further, the Commissioner

7

points out that when the agency terminated plaintiff's benefits in 1997, he appealed that decision, but failed to appear for the hearing that he had requested. Therefore, the Commissioner notes that at the time of the administrative hearing in this matter, plaintiff had been dealing with the system for at least twelve years. Although plaintiff contends that the ALJ failed to explain to him how an attorney could help him in his claim, the Commissioner insists that that alleged failure is not one that any Sixth Circuit case has identified as crucial to establishing that a claimant received a fair and full hearing.

A claimant may waive his or her right to representation by an attorney or other representative at a hearing as long as the waiver is voluntary and is made with the knowledge of a right to representation. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir. 1986).

At the hearing, the following exchange occurred between the ALJ and the plaintiff:

> ALJ: . . . You don't have a representative today. Did we send you a notice of your right to have one?
>
> CLMT: Yeah, and the Social Security office told me that I couldn't get one. The said they didn't have a list --
>
> ALJ: Okay.
>
> CLMT: -- and she just gave me one out there a minute ago.
>
> ALJ: Do you want me to postpone the hearing to give you time to try and find one?
>
> CLMT: No.
>
> ALJ: I mean, you know, if you feel like you want to get one, they may not have a list but certainly you're entitled to get an attorney or non-attorney rep, if you prefer, and --
>
> CLMT: They told me that I wasn't eligible to get one because I

8

>signed up on SSI and they wouldn't let me sign up on Social
>Security.
>
>ALJ: No.
>
>CLMT: When they signed me up on [INAUDIBLE], three months
>ago, they called me --
>
>ALJ: I don't understand that.
>
>CLMT: I don't either.
>
>ALJ: If you want a representative, you're entitled to have one. Now,
>we're not going to go out and grab somebody and say here's your
>representative, like they do in a criminal case --
>
>CLMT: No.
>
>ALJ: -- and appoint one but certainly you can have one if you want
>one. If you want time to look for one, I'll be glad to postpone the
>hearing. If you want to go ahead today without one, that's fine, too,
>but I want to make sure you're making a knowledgeable decision
>about your right to have one, if you want to proceed today,
>that you're making a knowledgeable waiver. So you tell
>me what you want to do and we'll do it, either way.
>
>CLMT: I want to go through with it.
>
>ALJ: You want to go ahead today?
>
>CLMT: Yeah.
>
>ALJ: Okay. That's fine. And so you're waiving your right to have
>an attorney? That's fine. You're shaking your head yes and I just
>want to make sure --
>
>CLMT: Yeah.
>
>ALJ: -- we get it on the tape. That's fine, sir. . . .

(Tr. 434-35).

       Clearly, the ALJ explained to the plaintiff that he could have representation and that he was willing to postpone the hearing until plaintiff obtained representation. Therefore, I

9

find that the plaintiff voluntarily waived his right to representation.

In light of the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 13] be **DENIED** and that the defendant's motion for summary judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

  s/H. Bruce Guyton  
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).