UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RALPH E. LAMBDIN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CV-336 |
| | ) | | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 18] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 17]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 13] be denied and that defendant Commissioner's motion for summary judgment [Doc. 15] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first objects to Judge Gutyon's finding that the ALJ's decision is supported by substantial evidence. Plaintiff contends that the ALJ erred in his age determination when he found the plaintiff to be "a younger individual between the ages of 45 and 49" (Tr. 33, 35). While this finding was correct as of the date of plaintiff's alleged onset date, February 2, 2001, plaintiff was 51 years old as of the date of the ALJ's opinion and thus was a "person closely approaching advanced age." As noted by the Commissioner and Judge Guyton, the ALJ correctly referred to plaintiff as a person "who is closely approaching advanced age" when presenting a hypothetical question to the vocational expert (Tr. 458). Plaintiff has presented no evidence to show how this error would be outcome determinative. As further noted by the Commissioner and Judge Guyton, if the ALJ had correctly referred to Grid Rule 202.10 which references an individual "closely approaching advanced age" and with "limited or less" education, plaintiff would still be found "not disabled. 20 C.F.R. Part 404, Subpt. P, App. 2; *see Abbott v. Sullivan*, 905 F.2d 918, 926 n.6 (6th Cir. 1990) (reference to wrong grid rule was harmless error because correct rule would also direct a finding of not disabled). Plaintiff's objection is without merit and will be overruled.

Plaintiff next objects that the ALJ erred in failing to ensure the plaintiff was aware of how counsel could aid in his proceedings. Plaintiff argues that he did not fully understanding how obtaining counsel could assist with his case and, therefore, he did not make a meaningful waiver of his right to counsel. The Court has carefully reviewed the transcript regarding this issue and respectfully disagrees with plaintiff's argument. The record reveals that the ALJ advised plaintiff that he had a right to obtain representation, carefully questioned the plaintiff as to whether he wanted to postpone the hearing in order to obtain representation, and confirmed that plaintiff wanted to proceed with the hearing without counsel. While the ALJ did not specifically explain how an attorney or representative could help his case, it is clear that plaintiff was aware of his right to counsel and that he voluntarily waived that right. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). The Court finds that plaintiff knowingly and voluntarily waived his right to counsel and this objection will be overruled.

Next, plaintiff complains that the Commissioner failed to sustain her burden of establishing that there is other work in the national economy that plaintiff can perform. Specifically, the plaintiff contends that the hypothetical questions posed to the Vocational Expert ("VE") were flawed and did not accurately portray the plaintiff's impairments. Thus, the VE's testimony does not constitute substantial evidence that the plaintiff has the vocational qualifications to perform other work. Plaintiff also contends that the ALJ failed to properly evaluate the plaintiff's pain allegations.

The validity of the hypothetical questions posed to the VE were also raised to Judge Guyton. Judge Guyton concluded that the ALJ considered all of plaintiff's credible limitations in the hypothetical to the VE [Doc. 17 at p. 6]. Judge Guyton also specifically addressed the ALJ's credibility determination regarding plaintiff's complaints of pain and found no error with the ALJ's

credibility determination [*Id.* at p. 7]. A hypothetical question posed to a vocational expert is required to incorporate only those limitations which are accepted as credible by a finder of fact, *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Stanley v. Secretary of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994), and which are supported by evidence in the record. *See Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). Thus, there was no error in the magistrate judge's findings concerning the hypothetical questions. Plaintiff's objection will be overruled.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

       s/ Thomas A. Varlan
       UNITED STATES DISTRICT JUDGE